1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CAMILLE WHEAT,                          No. 2:14-cv-0688-CMK  PS

12          Plaintiff,

13      vs.                                   <u>ORDER</u>

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
            Defendant.
16   _____/

17          Plaintiff, who is proceeding *in propria persona*, brings this action for judicial

18   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19   Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

20   judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. § 636(c).

21          Pending before the court is defendant's unopposed motion to dismiss (Doc. 14).

22   Originally set for hearing on April 29, 2015, before the undersigned, plaintiff requested a change

23   of venue as she was unable to make it to the court in Redding.  Plaintiff's request was granted to

24   the extent the court was willing to accommodate plaintiff's lack of transportation to Redding by

25   holding the hearing telephonically or by video conference from a courtroom in Sacramento.  The

26   parties were ordered to inform the court how they were to appear for the rescheduled hearing.

1    Plaintiff failed to notify the court as to her appearance, and failed to file an opposition to the

2    motion.  The hearing on the motion was therefore taken off calendar pursuant to Eastern District

3    of California Local Rule 230(c), and the matter was deemed submitted on the record and briefs

4    without oral argument.  To date, no opposition has been received by the court.

5    ## I.    BACKGROUND

6           Plaintiff filed an application for supplemental security income under the Social

7    Security Act (the "Act") on May 18, 2011.  The administrative law judge issued a decision

8    denying plaintiff's claims on August 31, 2012.  (Declaration of Robert Weigel, Doc. 14-1 at 5).[1]

9    Plaintiff requested a review of that decision, which was denied on December 2, 2013.  (Doc. 14-1

10   at 20). In the December 2, 2013 notice, plaintiff was informed of her right to appeal within sixty

11   (60) days from the date she received notice.  No extension of time for filing her appeal was

12   received.  Plaintiff commenced this action challenging the denial of benefits and seeking

13   damages on March 14, 2014.

14   ## II.   MOTION TO DISMISS

15          Defendant brings this motion to dismiss on the grounds that this action is time-

16   barred under the Act and the court lacks subject matter jurisdiction over plaintiff's tort claims

17   and prayers for relief.  Defendant contends that because the Appeals Council denied plaintiff's

18   request for review of the ALJ's decision in its Notice of Appeals Council Action dated December

19

20          [1]     Although a court generally is confined to the pleadings on a motion to dismiss,
     "[a] court may, however, consider certain materials – documents attached to the complaint,
21   documents incorporated by reference in the complaint, or matters of judicial notice – without
     converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie,
22   342 F.3d 903, 908 (9th Cir. 2003); In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th
     Cir. 1999). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to
23   situations in which the plaintiff's claim depends on the contents of a document, the defendant
     attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of
24   the document, even though the plaintiff does not explicitly allege the contents of that document
     in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). The documents
25   attached to the Declaration of Robert Weigel (Doc. 14-1), which accompanies the defendant's
     motion to dismiss, are ones upon which plaintiff's complaint depends and so the court considers
26   them.

2, 2013, plaintiff was required to commence a civil action on or before February 5, 2014, sixty (60) days after the date of the Notice "plus the five day presumption of having received notice." (Motion, Doc. 14 at 4).  Defendant argues plaintiff commenced this action more than 30 days after the deadline for doing so.

Defendant also argues to the extent plaintiff raises tort damages for inconvenience, emotion and psychological distress, and reimbursement of various expenses, no such remedy is authorized by Congress provided the only colorable basis for subject matter jurisdiction over this case is the denial of SSI benefits under Title XVI of the Social Security Act.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

1    and upon which the complaint necessarily relies, but which are not attached to the complaint, <u>see</u>

2    <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

3    of which the court may take judicial notice, <u>see</u> <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir.

4    1994).

5            A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)

6    can be either a facial or factual attack.  <u>See</u>  <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir.

7    2004).  In a facial attack on subject matter jurisdiction, the court is confined to the allegations in

8    the complaint.  In a factual attack, the court is permitted to look beyond the complaint and may

9    consider extrinsic evidence.  <u>See</u> <u>id.</u> (citing <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1036

10   (9th Cir. 2004)), <u>Savage v. Glendale Union High Sch.</u>, 434 F.3d 1036, 1040 n.2 (9th Cir. 2003).

11   Jurisdiction must generally be determined prior to a federal court considering a case on its merits.

12   <u>See</u> <u>United States v. Larson</u>, 302 F.3d 1016, 1019 (9th Cir. 2002) (citing <u>Steel Co. v. Citizens for</u>

13   <u>a Better Env't</u>, 523 U.S. 83, 94 (1998)).

14           As a sovereign, the United States is immune from suit except according to its

15   consent to be sued.  <u>See</u> <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981).  Congress has

16   authorized federal judicial review of "any final decision of the Commissioner of Social Security

17   made after a hearing on which [the claimant] was a party."  42 U.S.C. § 405(g).  To seek judicial

18   review of a final decision of the Commissioner, a plaintiff must commence a civil action in

19   federal court "within sixty days after the mailing to him of notice of such decision or within such

20   further time as the Commissioner of Social Security may allow."  <u>Id.</u> The term "mailing" is

21   construed as the date the claimant receives the notice.  <u>See</u> <u>Vernon v. Heckler</u>, 811 F.2d 1274,

22   1277 (9th Cir. 1987).  A claimant is presumed to have received notice "5 days after the date of

23   such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  If the

24   plaintiff successfully rebuts the presumption of presumed receipt, the burden is then placed upon

25   the Commissioner to establish that the plaintiff received actual notice.  <u>See</u> <u>Fenneken v. Comm'r</u>

26   <u>of Soc. Sec.</u>, Civil Action No. 2:10–cv–00111, 2011 WL 4558308, at *3 (S.D. Ohio Sept. 30,

4

1   2011) (quoting McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987)).  The time limit for filing is

2   not jurisdictional; rather, the limit "constitutes a statute of limitations." See Bowen v. City of

3   N.Y., 476 U.S. 467, 478 (1986); Vernon, 811 F.2d at 1277.  However, the time limitation is a

4   condition precedent to the waiver of sovereign immunity and therefore must be strictly construed.

5   Bowen, 476 U.S. at 479.

6          Here, as set forth above, the notice denying plaintiff's request for review of the

7   ALJ's decision was dated December 2, 2013 (Doc. 14-1 at 20 ).  Five days after the date of the

8   notice was December 7, 2013, and sixty days thereafter was February 5, 2014.  See 42 U.S.C. §

9   405(g); 20 C.F.R. § 422.210(c).  Plaintiff's complaint was not filed until March 14, 2014.  As the

10  motion to dismiss is unopposed, plaintiff made no showing that she did not receive the Notice by

11  December 7, 2013.  Accordingly, the court finds the complaint untimely because it was not filed

12  by February 5, 2014.  See Henderson v. Astrue, 321 Fed. App'x 624 (9th Cir. Apr. 6, 2009)

13  (unpublished) (upholding dismissal of pro se Social Security complaint as untimely when the

14  complaint was filed beyond the statutory period).

15         As to any other claims plaintiff is attempting to make, and the tort damages

16  claims, the court agrees with the defendant that such remedies are not provided by Congress.  As

17  stated above, the United States is immune from suit except according to its consent to be sued.

18  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  As defendant argues, absent a waiver of

19  sovereign immunity, federal courts have no subject matter jurisdiction in cases against the United

20  States.  See U.S. v. Mitchell, 463 U.S. 209, 212 (1983).  Congress has authorized federal judicial

21  review of "any final decision of the Commissioner of Social Security made after a hearing on

22  which [the claimant] was a party." 42 U.S.C. § 405(g).  However, Congress has not provided for

23  a remedy in damages for emotion distress or for other hardships suffered related to the denial of

24  Social Security benefits.  See Schweiker v. Chilicky, 487 U.S. 412, 425 (1988).  Thus, to the

25  extent plaintiff seeks such damages, the court agrees with defendant that there is no legal basis

26  for relief.

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendant's motion to dismiss (Doc. 14) is granted;

2.      This action is dismissed as untimely and raises claims with no legal basis for relief;

2.      The Clerk of the Court is directed to enter judgment and close this case.


DATED:  February 3, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE